UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| CARLTON ELLIS, | ) | |
| a/k/a CARLETON ELLIS, [1] | ) ) | Civil Action No. 14-208-DLB |
| Petitioner, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| VIRGINIA PAROLE BOARD, *et. al.*,[2] | ) ) ) | |
| Respondents. | ) | |

**** **** **** ****

Carlton Ellis is presently confined by the BOP in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky.  Ellis has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from a detainer[3] which he states that the Virginia Parole Board ("VPB") has lodged against him.

The Court conducts an initial review of habeas corpus petitions, 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011), and must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing

---

[1]  Ellis spells his first name "Carlton," but the Bureau of Prisons ("BOP") lists his first name as **"Carleton."** *See* http://www.bop.gove/inmateloc/ (last visited on February 25, 2015).  The Clerk of the Court will be instructed to list "Carleton Ellis" as an alias designation for the petitioner.

[2]  In his attached Memorandum, Ellis identifies two other respondents: the Orange County, Virginia, Circuit Court, and the Office of the Attorney General for the State of Virginia.  [R. 1-1, p. 1]. The Clerk of the Court will be instructed to add these entities as respondents to this action.

[3]  A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or notify the agency when the release of the prisoner is imminent."  *Norton v. Parke*, 892 F.2d 476, 477 n. 1 (6th Cir. 1989) (quoting *Carchman v. Nash*, 473 U.S. 716, 719 (1985)).

§ 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).   The Court evaluates Ellis's petition under a more lenient standard because he is not represented by an attorney.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).   At this stage, the Court accepts Ellis's factual allegations as true, and liberally construes his legal claims in his favor.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the habeas petition, the Court must deny it because Ellis must assert the challenge to his detainer in the state courts of Virginia.   The Court also will deny as moot Ellis's motion requesting the issuance of summons for the respondents.

## BACKGROUND

The following is a summary of the facts, based on information contained in Ellis's § 2241 petition and information publically available through PACER, the federal judiciary's online database.   In December 1989, Ellis was charged with robbery in Orange County, Virginia.   He was subsequently convicted of the offense and received a 44-year prison sentence, but he was paroled from that sentence on August 29, 2010.

On February 25, 2013, a criminal complaint was filed in federal court in Alexandria, Virginia, charging Ellis with using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(2).   *United States v. Carlton Eugene Ellis*, No. 1:13-CR-198-GBL (E.D. Va. 2013) [R. 1, therein;[4] *see also*, Affidavit of Victor Castro, Special Agent employed by the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") R. 2, therein].   On that same date, Ivan D.

---

[4]   The criminal complaint alleged that on September 28, 2012, Ellis carried a firearm during and in relation to a drug trafficking crime.

Davis, United States Magistrate Judge, issued a warrant for Ellis's arrest.   [R. 6, therein].

On March 5, 2013, federal agents arrested Ellis.   [*Id.*]   On that same date, the VPB filed a warrant charging Ellis with violating the terms of his parole, and Ellis was immediately committed to the Alexandria County Jail.   On March 7, 2013, after conducting a detention hearing in the federal criminal proceeding, United States Magistrate Judge Theresa Carroll Buchanan entered a "Detention Order Pending Trial," pursuant to which Ellis was ordered to remain in custody.   [R. 11, therein].   On July 3, 2013, Ellis entered into a Plea Agreement in which he pleaded guilty to the § 924 (c) firearm offense [R. 32, therein], and on September 13, 2013, he received a 30-month prison sentence, to be followed by a 5-year term of supervised release.   [R. 57, therein].

In his § 2241 petition, Ellis contends that the VPB scheduled a parole revocation hearing for September 25, 2013, but that the revocation hearing has never occurred. Ellis claims that he was improperly held in the Orange County, Virginia jail from March 4, 2013, until October 2013, and that the VPB failed to conduct a hearing within a reasonable time as required by *Morrisey v. Brewer*, 408 U.S. 471 (1972); that the VPB has improperly lodged a detainer warrant with the BOP authorities; and that the VPB has not acted in good faith.  Ellis states that he "…should have been taken back to the state prison on the violation within the time frame He [sic] was held at a county jail."  [R. 1-1, p. 2].  Ellis further states that the VPB violated his constitutional rights "by denying him a fair revocation hearing and by not having him recommitted back to state custody so that his Federal time would have run while he was in state custody."  [*Id.*, p. 3].  Ellis

3

also contends the parole-violator detainer issued by the VPB has adversely affected his ability to be placed in a halfway house.  [*Id.*]  Ellis's claims thus fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law.

Ellis seeks an order directing the VPB to remove all parole violation warrants and detainers, and to award him "credit for time served."  [*Id.*]  Presumably, Ellis refers to the time which he has served in custody since March 2013.

## DISCUSSION

Ellis is asking this Court to order the VPB to withdraw the parole warrant and detainer which it issued in March 2013, and to credit his 1989 state sentence with the time that he has served in custody, on the basis that the VPB violated his rights set forth in *Morrisey v. Brewer*.  The entities named as respondents to this action are the VPB, the Attorney General of Virginia, and the Orange County Circuit Court, and those are the entities from which Ellis seeks relief in this proceeding.  Ellis does not allege that the BOP or any federal official has violated his federal constitutional rights.

This Court cannot grant Ellis any of the relief which he seeks, because a prisoner must apply to a state court for relief from a state detainer.  *See Robinson v. People of the State of Illinois*, 752 F. Supp. 248, 249 (N.D. Ill. 1990) (concluding that "no arguable legal basis" existed for the plaintiff/petitioner's mandamus request to compel the state court to order the removal of a state detainer).  A federal court has no superintending function or control over a state court, and no general power to compel action by state officers.  *Id.*; *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*,

4

474 F.2d 1275,1276 (5th Cir. 1973) (*per curiam*); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

If Ellis wants to compel judicial action regarding his state detainer, he must apply to a state court in Virginia where the detainer was issued, as state law issues are involved.  *See Wade v. Hamilton County Prosecutor's Office*, No. 1:11-CV-590, 2011 WL 5920770 (S.D. Ohio Nov. 7, 2011) ("…to the extent Mr. Wade seeks mandamus relief by requesting rulings compelling state officials to either lodge a detainer or dismiss the outstanding warrants, this Court lacks the authority to grant such relief."); *Smith v. Ohio Adult Parole Authority*, 2010 WL 1839017, at *4 (E.D. Ky. May 5, 2010) ("If Petitioner believes that the Ohio Adult Parole Authority has acted in contravention of state law, the petitioner must initiate proceedings within the state courts of Ohio to effectuate relief.  Federal courts are without authority to issue writs of mandamus to direct state officials to conform their conduct to state law."); *Seward v. Heinze*, 262 F.2d 42 (9th Cir. 1958) (issues concerning whether sentencing state had waived its right to insist upon completion of the petitioner's numerous state sentences was a question of state law); *McCowan v. Nelson*, 436 F.2d 758 (9th Cir. 1970) (whether California Adult Authority was required to promptly execute its order suspending petitioner's parole and whether petitioner was entitled to credit for time spent in Arizona jail awaiting extradition on Authority's order were state law questions not within competence of federal habeas corpus court).  Simply put, this Court has no jurisdiction over the State of Virginia's administration of Ellis's state sentence and/or the application of sentencing credits, if any, towards his state sentence.

As for Ellis's reliance on *Morrissey v. Brewer*, it is true that in *Morrissey*, the Supreme Court of the United States set forth certain minimum due process requirements that must be met in order to revoke parole, analyzing the situation in terms of two stages:  (1) an initial inquiry "in the nature of a 'preliminary hearing' to determine whether there is probable cause ... to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions," and (2) a revocation hearing leading to "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation."  *See Morrissey*, 408 U.S. at 488.

Once a parolee is arrested on a parole violation warrant, he is entitled to a probable cause hearing concerning the acts he is alleged to have committed.  *Id.* at 485.  It is conceivable that a parolee might violate the conditions of parole, but that these violations might not warrant revocation in every case, thus the need for a final revocation hearing in which he may dispute the allegations that he violated conditions of parole and, if he did violate, the opportunity to introduce circumstances in mitigation to persuade the hearing body that the violation did not warrant revocation.  *Id.* at 488.

Ellis's argument is that since the VPB did not proceed with parole revocation proceedings earlier, then the State of Virginia should not be permitted to detain him after he is released from his current federal sentence.[5]  Ellis's situation differs from that in *Morrissey* because on February 23, 2013, Ellis was charged in a Virginia federal court with carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(2).  That charge was supported by the 11-page sworn Affidavit of ATF Special Agent Victor Castro, who set forth therein detailed facts alleging that on

---

[5]  According to the BOP's website, Ellis, BOP Register No. 95226-016, has a projected release date of May 7, 2015.

September 28, 2012, Ellis had carried a firearm during and in relation to a drug trafficking crime, while he was on parole from his state sentence.

Further, on March 7, 2013, after conducting a detention hearing, a federal Magistrate Judge issued a Detention Order requiring that Ellis remain in custody while his federal criminal proceeding was pending.  Given these facts, a *preliminary* hearing under *Morrissey* was unnecessary because the federal charge filed against Ellis and the resulting Detention Order established that there was probable cause "... to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions," as required by *Morrissey*.

Further, as for *Morrissey*'s requirement that a *final* revocation hearing be conducted, that requirement has effectively been satisfied because Ellis's subsequent federal firearm conviction conclusively establishes that he violated the terms of his state parole.  The Sixth Circuit addressed a factually similar claim in *Phipps v. Runda*, No. 92-5123, 1992 WL 133030 (6th Cir. June 12, 1992).  Phipps was paroled after serving sentences imposed by the Kentucky state courts.  *Id.* at *1.  While he was on parole, Phipps pleaded guilty in federal court to two counts of bank robbery.  *Id.*  Following his federal conviction, the Kentucky Board of Parole issued a parole violation warrant against Phipps, which was lodged as a detainer at the federal prison where Phipps was serving his federal sentence.  *Id.*  Phipps brought a § 2241 petition for habeas corpus claiming that the Kentucky Board of Parole violated his due process rights by failing to conduct a prompt parole revocation hearing.  *Id.*  The district court denied his § 2241

petition and on appeal, the Sixth Circuit affirmed, holding that as to his due process claim, Phipps had not been denied a fundamental right.  *Id.*

Like Phipps, Ellis pleaded guilty to a federal felony offense while he was on parole for a previous state conviction.  Because Ellis's subsequent conviction by guilty plea provides irrefutable evidence of his parole violation, *Morrissey*'s protections do not apply. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir.1993) (because parole decision maker had no discretion but to revoke parole on the basis of a subsequent conviction, *Morrissey* did not apply); *Santiago–Fraticelli v. Thomas*, No. 99–6178, 2000 WL 924602, at *1 (6th Cir. June 26, 2000).  Ellis, therefore, fails to raise a meritorious due process claim based on *Morrissey* with respect to the detainer issued by the VPB.[6]

Ellis next claims that as a result of the detainer, he is not eligible for halfway house placement, but that claim also fails to implicate a due process concern.  Ellis has no constitutional right to any particular placement or security classification.  "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State ...." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).  A change in security classification to a higher level of

---

[6]  The Interstate Agreement on Detainers Act ("IADA") regulates the speedy disposition of untried criminal charges in the detainer context.  The IADA requires a "trial within one hundred and eighty days" after the prisoner requests "final disposition" under the IADA.  18 U.S.C. App. 2 § 2 art. III(a).  However, in *Carchman*, the Supreme Court explained that the IADA applies only to criminal prosecutions, not to detainers based parole violations, and that no independent constitutional right to a "speedy probation revocation hearing" exists.  *Carchman,* 473 U.S. at 725, 731 n.10 ("This Court has never held, however, that a prisoner subject to a probation-revocation detainer has a constitutional right to a speedy probation revocation hearing.").  The Sixth Circuit has applied the ruling in *Carchman* to parole-revocation detainers.  *See White v. United States*, 113 F.3d 1236, 1997 WL 205615 at *2 (6th Cir. April. 24, 1997) (unpublished table decision).

Thus, no federal statute requires the VPB to conduct a parole revocation hearing prior to Ellis completing his federal sentence.  *See also Davis v. Stine*, No. 05-CV-673-KKC, 2006 WL 1050069, at *3 (E.D. Ky. Apr. 20, 2006) ("There is nothing impermissible in waiting until a parole or probation violator is released from federal custody before holding revocation proceedings.") (citing *Bennett v. Bogan*, 66 F.3d 812 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1025 (1996)); *Alexander v. Warden, Bell Forestry Camp*, No. 5:12-CV-80-KKC-HAI, 2013 WL 875907, at *5 (E. D. Ky. Feb. 7, 2013).

security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).  The Sixth Circuit also has held that "the denial of participation in a community placement program is not the type of atypical and significant deprivation in which the state might create a liberty interest."  *Davis v. Loucks*, No. 96-1583, 1997 WL 215517, at *1 (6th Cir. April 29, 1997) (citing *Sandin*, 515 U.S. at 483-84).  For these reasons, the Court will summarily dismiss Ellis's § 2241 habeas petition pursuant to Rule 4 because it fails to raise a meritorious federal claim.

Finally, Ellis has also submitted a letter [R. 7] in which he asks the Clerk of the Court to issue a civil summons for the VPB; the Orange County, Virginia, Circuit Court; and the Attorney General for the State of Virginia.  This is a 28 U.S.C. § 2241 habeas corpus proceeding, so the issuance of a "civil summons" is not procedurally warranted.  Regardless, because Ellis's § 2241 petition will be denied, his letter/construed motion requesting the issuance of a civil summons will also be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      The Clerk of the Court shall, on the CM/ECF cover Sheet, list "Carleton Ellis" as an alias designation for Petitioner Carlton Ellis.

2.      The Clerk of the Court shall, on the CM/ECF cover Sheet, list the Circuit Court of Orange County, Virginia, and the Office of the Attorney General for the State of Virginia, as additional respondents to this action.

9

3.      Ellis's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED.**

4.      Ellis's letter [R. 7] construed as a motion requesting the Clerk of the Court to issue summons for the respondents, is **DENIED** as **MOOT**.

5.      The Court will enter an appropriate Judgment.

6.      This matter is **STRICKEN** from the docket.

This 6th day of March, 2015.

Signed By:

*David L. Bunning*   DB

United States District Judge

G:\DATA\ORDERS\ProSe\Ellis 14-208-DLB Dism 2241 CKS.doc

10