UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| CARLTON ELLIS, | ) | |
| a/k/a CARLETON ELLIS,[1] | ) | |
| | ) | Civil Action No. 14-208-DLB |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| VIRGINIA PAROLE BOARD, *et. al.*, | ) | |
| | ) | |
| Respondent. | | |

**** **** **** ****

Petitioner Carlton Ellis has filed a pleading entitled "Fed. R. Civ. P. 12(h)(3)" [R. 10], in which he appears to be asking the Court to (a) dismiss his 28 U.S.C. § 2241 habeas petition [R. 1] without prejudice for lack of subject matter jurisdiction; (b) set aside the March 6, 2015, Memorandum Opinion and Order ("the Opinion and Order") and Judgment [R. 8; R. 9]; or (c) transfer his § 2241 petition to a state court in Virginia, i.e., the Virginia Circuit Court.

To the extent that Ellis asks this Court to alter or amend the Opinion and Order and Judgment, his request falls under Federal Rule of Civil Procedure 59(e), which allows a district court to alter or amend a judgment under specified circumstances.  For the reasons set forth below, Ellis's construed motion to dismiss his § 2241 petition

---

[1]  Ellis lists his address as the Powhatam Reception Center, 3600 Woods Way, State Farm, Virginia, 23160.  [R. 11].  When Ellis filed this habeas proceeding on October 23, 2014, he was confined in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky.  [R. 1, p. 1].  According to the Bureau of Prisons' ("BOP") website, Ellis, BOP Register No. 05226-016, was released from federal custody on May 7, 2015.  *See* http://www.bop.gove/inmateloc/ (last visited on June 24, 2015).

1

and/or to transfer his § 2241 petition to a Virginia state court will be denied as moot. Ellis's construed motion to alter or amend the Opinion and Order and Judgment will be granted in part to clarify that the denial of his § 2241 petition on March 6, 2015, was *without* prejudice to his right to challenge his state court detainer in the appropriate state court of Virginia.

## DISCUSSION

In his § 2241 petition, Ellis sought relief from a detainer which the Virginia Parole Board ("VPB") lodged against him.  Ellis asked this Court to order the VPB to withdraw the parole warrant and detainer which it issued in March 2013, and to credit his 1989 state sentence with the time that he has served in custody, on the basis that the VPB violated his constitutional rights.  The Court denied Ellis's § 2241 petition, explaining that if Ellis wanted to challenge the VPB detainer, he should apply to a state court in Virginia where the detainer was issued, as state law issues are involved.  [R. 8, p. 4-5 (citing *Wade v. Hamilton County Prosecutor's Office*, No. 1:11-CV-590, 2011 WL 5920770 (S.D. Ohio Nov. 7, 2011); *Smith v. Ohio Adult Parole Authority*, No. 6:10-CV-106-GFVT, 2010 WL 1839017, at **2-3 (E.D. Ky. May 5, 2010))].

Further, to the extent that Ellis alleged that the VPB failed to conduct a hearing within a reasonable time as required by *Morrisey v. Brewer*, 408 U.S. 471 (1972), the Court noted various likely deficiencies with that argument.  [R. 8, pp. 6-8].  Finally, the Court determined that as to Ellis's  assertion that the detainer had prevented him from becoming eligible for half-way house placement, Ellis had not alleged a claim entitling him to relief under § 2241.  [*Id.*, pp. 8-9].

2

Ellis now asks this Court to either dismiss his § 2241 petition without prejudice; transfer his § 2241 petition to a Virginia state court; or to alter and amend the Opinion and Order.  Ellis's construed motion to dismiss his § 2241 petition without prejudice will be denied as moot, as will his motion to transfer this action to a Virginia state court, as the Court has denied his § 2241 petition.  But, commensurate with the analysis and conclusion set forth in pp. 4-5 of the Opinion and Order (that this Court lacks jurisdiction to adjudicate the validity of a detainer issued by another state authority), the Court will now amend the Opinion and Order to clarify that the denial of Ellis's § 2241 petition is *without prejudice* to Ellis's right to challenge his VPB detainer in the appropriate state court of Virginia.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     Petitioner Carlton Ellis's notice/submission docketed as "Fed. R. Civ. P. 12(h)(3)," [R. 10], construed as a motion either to dismiss his 28 U.S.C. § 2241 habeas petition without prejudice, or to transfer this action to a Virginia state court, is **DENIED** as **MOOT**.

2.     Ellis's construed motion [R. 10] to alter or amend the March 6, 2015, Memorandum Opinion and Order [R. 8] is **GRANTED IN PART** to reflect that **Page 10, Paragraph 3**, of the March 6, 2015, Memorandum Opinion and Order [R. 8] is hereby **AMENDED** to reflect that the denial of Ellis's § 2241 petition is **WITHOUT PREJUDICE** to Ellis's right to challenge his Virginia Parole Board detainer in the appropriate state court of Virginia.

3

This 30th day of June, 2015.



Signed By:

**_David L. Bunning_**

**United States District Judge**

G:\DATA\ORDERS\ProSe\Ellis 14-208-DLB Grant #10 CKS.doc